United States District Court
For The
Eastern District OF Tennessee
At Chattanooga

FILED

APR 3 0 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Robert Drayton Bowen )  Case No.
Plaintiff, )
)
)
)
V. )
)
) Jury Trial Demanded
)
See Attachment A )
Defendant (s) )

Complaint For Violations of Civil Rights
(Non-Prisoner Complaint)

Jurisdiction

1. This claim arises under 42 U.S.C. § 1983 for the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law].

Venue

2. This venue is appropriate in this district because it is where the defendant (s) violated the law.

1

The Parties

3. The Parties to this Complaint

A. The Plaintiff
Robert Drayton Bowen
925 Ridge Road West
Crossville, TN 38572
Bledsoe County
(423) 790-4712
risetobeheard@gmail.com


B. The Defendant(s)
No. 1. Weston Wamp (County Mayor)
625 Georgia Ave
Chattanooga, TN 37402
Hamilton County
(423) 209-6100

Official Capacity


No. 2. Ken Smith (Hamilton County Commission Chairman)
625 Georgia Ave Room 208
Chattanooga, TN 37402
Hamilton County
(423) 209-7200

Official Capacity

2

No.3. Lee Helton (Hamilton County Commission Chairman
625 Georgia Ave. Room 208      Pro-Tempore)
Chattanooga, TN 37402
Hamilton County
(423) 209-7200

       Official Capacity


No. 4. Austin Garrett (Hamilton County Sheriff)
600 Market St.
Chattanooga, TN 37402
Hamilton County
(423) 209-7000

       Official Capacity


No. 5. Timothy A. Davis (Deputy Chief of Corrections)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125

       Official Capacity


Con't on attachments B - G

3

# Statement Of Facts

4. The Complaint

A. Plaintiff Bowen alleges that his First Admendment, Fourth Admendment, Eighth Admendment, Fourteenth Admendment, the American Disability Act, and the Tennessee Constitution's Clause "unnecessary rigor" were violated and he suffered "Cruel and Unusual Punishment".

B. After Shaun Shepherd retired, Sheriff Austin Garrett (Defendant Garrett) did not fill the position until August 2025. With this being said, Plaintiff Bowen believes the following parties should be officially held accountable for these violations and on what basis.

1. Mayor Weston Wamp (Defendant Wamp) is responsible as an ex officio inspector. Defendant Wamp's duties is to visit and examine the county jail at least once a month; Establish rules for the health, sanitation, and behavior of inmates; Safety and Security; and submit reports to the county legislative body (county commission) on the state of the county jail and inmates.

2. Ken Smith (Defendant Smith) and Lee Helton (Defendant Helton) are the county commission chairman and chairman pro-tempo. Defendant Smith and Defendant Helton are responsible for controlling, maintaining, and supervising

4

county property, including the county jail. They are responsible for receiving bids and authorizing contracts.

3. Defendant Garrett has the ultimate responsibility for the safety and operations of the county jail.

C. After exhausting all means of having the "spicy" meals changed, Plaintiff Bowen decided not to consume the food which was doing damage to his body. On May 1, 2025, Plaintiff Bowen did not accept the "spicy" (HOT) lunch tray. Plaintiff Bowen handed a note with three (3) Bible verses and not to mark the meal as accepted, in order to keep track of which meals are not consumable.

1. The three (3) Bible verses were 2 Kings 4:39-41, Exodus 15:25, and 2 Kings 2:21-22. Each of these were problems with things not consumable, but they were fixed to be consumed. No one died or tried to kill themselves.

2. Plaintiff Bowen requested on the kiosk system for the Chaplain to come and read the note. Chaplain Waters (Defendant Waters) arrived. Plaintiff Bowen requested for his meal to be changed and Defendant Waters said there was nothing he could do.

3. Nurse Shannon (Defendant Shannon), Deputy Ryan Chastain (Defendant Chastain), and other deputies called Plaintiff Bowen out of D2 housing unit. Plaintiff Bowen explained to the defendants that he is unable to consume the "Spicy" food and he is not going to make himself sick. Defendant Shannon told Defendant Chastain that she knew nothing about it, even though it is all on the Kiosk system.

4. Defendant Chastain said he heard enough, and told Plaintiff Bowen to come with him. Plaintiff Bowen asked to pack his property. Defendant Chastain said they would secure his property. Deputy John Doe #1 (Defendant John Doe #1) was to secure all of Plaintiff Bowen's personal property.

5. Plaintiff Bowen and Defendant Chastain passed Defendant Waters on the sidewalk. Hoping that Defendant Waters would speak up; Plaintiff Bowen said loudly, "They are relocating me, because I am fasting." Defendant Waters did not respond in any way. Is not "fasting" a religious right?

6. Defendant Chastain moved Plaintiff Bowen to R&D1, "Suicide Watch". This was punishment for not accepting one (1) meal that would make Plaintiff Bowen sick. Defendant Chastain removed Plaintiff Bowen from his commissary food (which he could consume), drinking cup w/ Kool-Aid, prescription bifocals (eye protection), hygiene

6

supplies, religious material, and other personal property.

A. Plaintiff Bowen was stripped naked and given a blanket/robe to wear. This attire leaves you to indecent exposure of other inmates.

B. Plaintiff Bowen was only being given the same meals which make him sick. Due to the unsanitary conditions of the cell, Plaintiff Bowen was only allowed clean water at "Pill Call". These conditions supplied less food and water to Plaintiff Bowen.

C. Plaintiff Bowen was denied showers or told he would have to dry off with a washcloth. You have nothing to brush your teeth or can have a clean blanket/robe.

D. The 15'x20' cell contained up to 18 inmates. There were more inmates than we could lay mats on the floor.

E. There is a minimum of 72 hrs. Since Mental Health had to receive approval, Plaintiff Bowen remained in for 9.5 days. Dr. Little (Defendant Little) was incharge of Quality Correctional Health Care (Defendant QCHC).

7. Plaintiff Bowen was moved to G-2-24. At this point, No One could locate the personal property, that was

7

secured. Plaintiff Bowen continued to ask for the return of his personal property or replacement. Plaintiff Bowen was ignored or they denied that it occurred. As far as it is known, No One has viewed the housing unit, like Plaintiff Bowen requested. Plaintiff Bowen has made requests, grievances, and hand written notes.

D. Plaintiff Bowen started using an old copy of the "Inmate Handbook" Intake/Booking. The "Letter from the Chief" was signed by Deputy Chief of Corrections Shaun Shepherd. Plaintiff Bowen managed to receive an update version "Revised June 2025". The "Letter from the Chief" was not signed. There were no significant changes in their new "Copy and Paste" rule book. There was nothing noticed to justify what they did to Plaintiff Bowen.

1. Plaintiff Bowen tried to receive assistance, per the "Inmate Handbook" condensed version. After several different requests for deputy policies and a copy of the PDF (of the unabridged version) "Inmate Handbook", Amy Weems (Defendant Weems) came to ask Plaintiff Bowen if he did not understand that Defendant Weems was not going to print the PDF. Defendant Weems stated she did not know what was in the "Inmate Handbook". Defendant Weems said ask a question, and she would find the answer. How do you ask a question,

8

if you do not know what is in it? Which leads me to the original question, what is in the unabridged "Inmate Handbook" that is not in the condensed version? Defendant Weems refused to assist Plaintiff Bowen, in any way, to retrieve the information from the kiosk system.

E. Deputy Chief of Corrections Timothy A. Davis (Defendant Davis) was commissioned in August 2025. Defendant Davis is to maintain oversight and accountability for the safety, security, and daily operations of the county jail. As the second in command, Defendant Davis is responsible for setting operational standards and ensuring their adherence.

1. Defendant Davis signed the "Inmate Handbook" revised November 2025, but inmates were not notified until January 2026. It contains a lot of the same inconsistancies and violations as previous ones

    A. The kiosk system does not allow an inmate to file requests or grievances as stated.

    B. The rules are not enforce as they are written.

    C. Inmates are responsible for cleaning but are not given supplies as needed.

9

D. Have plenty more wrong with the "Inmate Handbook"

2. Defendant Davis placed new procedures to take effect.

A. These did not improve anything, and forced more only on part of the jail.

F. Captain Rodney Terrell was sent a letter about Plaintiff Bowen's personal property, and he never responded. Plaintiff Bowen noticed him in Bravo on December 19, 2025. Plaintiff Bowen engaged a conversation with Defendant Terrell. Defendant Terrell admitted he had the letter that Plaintiff Bowen mailed to Defendant Davis. Defendant Terrell had no response to the letter, refused to provide the Material Safety Data Sheets (MSDS) information. Plaintiff Bowen stated that the inmates are responsible to clean with these chemicals, they should be allowed to be informed of the chemicals. This information includes "Life Threatening situation", if accidently consumed. The inmate in your cell might be the person who saves your life. Plaintiff Bowen was in G-1-5.

G. Defendant QCHC has violated Plaintiff Bowen's "Freedom of Religion", and provided enadequate health care service. Timing to see the eye doctor, failure of following new eye doctor orders, and supply the medication as prescribed to Plaintiff Bowen. Pills have been placed in other inmates hands, dropped on floor, and given the wrong ones. Timing has been delayed deliberately.

10

H. After Plaintiff Bowen's diet was changed to a "No Spice/No Bean" medical diet, Aramark Correctional Services, LLC (Defendant Aramark) and Lee "Medic" (Defendant L. Medic) was unprofessional and retaliated preparing the medical diets. Defendant L. Medic arrived to B-1-2, to discuss a low sodium issue. Plaintiff Bowen stated for the sodium to be read from the daily nutrition value table. Defendant L. Medic left mad and said he would just change our diets to "Soy" and water. Plaintiff Bowen started receiving TVP (Soy Bean Product) on the "No Spice/No Bean" medical diet. Plaintiff Bowen has entered several complaints about this matter.

I. Chaplain Jones (Defendant Jones) and Defendant Waters has failed to provide unleveaned bread, replacement Bible (which was lost by Defendant John Doe #1), refused deeper knowledge for biblical information, has shown preferential treatment (asking if Plaintiff Bowen is a Jew), and have not provided any worship service. Defendant Jones answered back that they will not be looking up any more information, after Chaplain Terry Bell answered what Defendant Waters refused (next Jubilee Year).

J. Deputy Ely Green (Defendant Green) used eccessive force on Plaintiff Bowen in the G-1 unit. Defendant Green came from behind and shoved Plaintiff Bowen down onto the concrete floor. Plaintiff Bowen was reaching to retrieve his tablet from another inmate, which removed it from the charging station without permission.

11

Plaintiff Bowen understood the possibility of the tablet being broke, like in Echo unit on Feb. 24, 2026. Plaintiff Bowen was given Tylenol then, but medical refused to give more or look at the bruise the next day.

K. Jane Doe #2 (Defendant Jane Doe #2) and Deputy Wyatt (Defendant Wyatt) has left Plaintiff Bowen without a blanket (for 5 days) and a change of clothes (for about a month). Two (2) different incidents, Defendant Wyatt has lost Plaintiff Bowen's laundry. Plaintiff Bowen wrote Support Services, and Defendant Jane Doe #2 has denied the replacement of these items. After about a month of not being able to shower, Plaintiff Bowen developed an infection. After the medical call post Deputy Davis retrieved Plaintiff Bowen another set of clothes. Deputy Stockwell was the person which replaced the blanket.

L. John Doe #2 (Defendant John Doe #2) is responsible for the maintenance of the county jail. There are numerous occassions Plaintiff Bowen wrote issues on the Kiosk system. Some of these is where it took about a month to fix the toilet to flush (twice), heat not working, condensation forming (around windows, walls, and dripping from the ceiling), no water pressure, roaches, and etc.

M. Then the deputies that let authority go to their head. Like when we complained about the heat not working, the next morning they collected blankets. When in Bravo, Deputy J. Hixson (Defendant Hixson) was the commissary deputy. They

12

thought they were missing a clamp off of the cart. Defendant Hixson locked the housing unit down. Defendant Hixson selectedly decided which inmates were to be handcuffed behind the back and which inmates do not get cuffed at all, while he ransacked the cells. Plaintiff Bowen was one to be handcuffed. Defendant Hixson took a Christmas Stocking that belonged to Plaintiff Bowen. Defendant Hixson decided it was contraband. Seeing this was Nov. 4, 2025, Defendant Hixson said Plaintiff Bowen will be getting another one in about a month. What rule states an inmate can have a new Christmas Stocking, but an older Christmas Stocking is contraband?

N. You have some deputies that are lackadaisical in their job performance. There are times that Plaintiff Bowen can recall his cell door was left unlocked; or the cell had everyone in it, and the deputy would unlock his cell (on Sept. 27, 2025). After being an eye witness to the double stabbing in G-2 (on June 3, 2025), Plaintiff Bowen is alert to his cell door being unlocked. Deputy Ingram (Defendant Ingram) unlocked half the cell doors of the gang members. Plaintiff Bowen had to tell Defendant Ingram that they are not to be released at the same time. Defendant Ingram instantly went back and started locking the cell doors.

5. Supporting Facts and Witness

A. Plaintiff Bowen would like to obtain certain county jail cameras videos at certain times for actual events.

13

B. Plaintiff Bowen would like to show information on the Kiosk system.

1. Notifications titled Legal Mail from Court (by Lt. Holland), Cleaning Supplies (From: Property/Supply), Operational Changes (From: Chief Davis), and etc.

2. Kiosk System entries as listed and etc.

921017   02/12/2026   Appeal: "Spicy" food being prepared and served on a "No Spice" meal tray.

917006   01/28/2026   Appeal: Is maintenance not able to properly check and fix maintenance issue?

895754   11/04/2025   This was a ridiculous Clown Show was peformed by the deputy

920902   02/11/2026   Unhealthy treatment/torture of inmates.

914880   01/20/2026   I was told to make this a grievance per Swafford

14

5746457 09/10/2025   Toilet Floods Floor Instead of Flushing the Bowl 15th Business Day

887717   10/04/2025   Toilet Floods Floor instead of Flushing again

C: Plaintiff Bowen believe these witnesses will provide simular testimony to these facts.

Jason Battles  Spn#910 7110
Shuntray Woodward  Spn#166594
Moreyo Finley  Spn#508560
Thomas Leighton  Spn#517203
Randy Vega  Spn#626975
Corey Lamarous Davis
Mike Mustachae
Armondo Sandoval
Hunter Whaley
Eric Simonton
Devin Davis
Alexander Hart
Ian Miles
Paul Davidson
and etc.

15

Request For Relief

6. Requesting Relief

A. Plaintiff Bowen respectfully request that the Court:

1. Grant Plaintiff Bowen compensatory and punitive damages,

2. Grant Injuctive Relief; by orders to correct these violations and properly maintain the housing units,

3. Grant Plaintiff Bowen reasonable cost and attorney's fee pusuant to any applicable doctrine or legal theory,

4. Cost of Suit, and

5. Grant Plaintiff Bowen any additional legal and equitable relief to which he is entitled.

Respectfully Submitted,

Robert Drayton Bowen
925 Ridge Road West
Crossville, TN 38572
(423) 790-4712
risetobeheard@gmail.com

Defendant List

| | |
|---|---|
| Weston Wamp | Nurse Shannon |
| Ken Smith | Dr. Jane Doe |
| Lee Helton | Ryan Chastain |
| Austin Garrett | John Doe #1 |
| Timothy A. Davis | Ely Green |
| Rodney Terrell | J. Hixson |
| Quality Correctional Health Care | Deputy Wyatt |
| Aramark Correctional Services, LLC | Jane Doe #2 |
| Audrilla Jones | John Doe #2 |
| John Waters | Lee "medic" |
| Dr. Little | Amy Weems |

Deputy Ingram   17

No. 6. Rodney Terrell    (Captain)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No. 7. Quality Correctional Health Care
200 Narrows Pkwy. Suite A
Birmingham, AL 35242
Jefferson County
(205) 437-1512
Official Capacity


No. 8. Aramark Correctional Service, LLC
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7050
Official Capacity

No. 9. Audrilla Jones    (Chaplain)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No. 10. John Waters    (Chaplain)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No. 11. Dr. Little (Head of Medical)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 12. Nurse Shannon    (medical personnel)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 13. Dr. Jane Doe  (New head of medical)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 14. Ryan Chastain  (Sergeant)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 15. John Doe #1 (Deputy)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 16. Ely Green (Deputy)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 17. J. Hixson (Commissary Deputy)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No. 18. Deputy Wyatt   (Laundry Service Deputy)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No. 19. Jane Doe #2   (Support Services)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No. 20. John Doe #2   (Head of Maintenance)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

No.21. Lee "Medic"      (Aramark Personnel)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No.22. Amy Weems  (Administration)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity


No.23. Deputy Ingram    (Deputy)
601 Justice Way
Chattanooga, TN 37421
Hamilton County
(423) 209-7125
Individual Capacity and Official Capacity

